```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FARID POPAL,                                                :
                                    Plaintiff,              :
                                                            :         12 Civ. 3916 (LGS)
                -against-                                   :
                                                            :         OPINION AND ORDER
HARVEY J. SLOVIS,                                           :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X
```

Pro se Plaintiff Farid Popal brings this case alleging that Defendant Harvey Solis, his former defense attorney, defrauded him. Defendant Solis served as Plaintiff's defense counsel in his trial for the murder of Samiya Haqiqi, for which Plaintiff is serving a term for murder in the second degree. Plaintiff alleges that in obtaining Defendant's services he paid the Defendant over $144,000, but that Defendant performed services worth less than $50,000 and that the Defendant intentionally defrauded Plaintiff of over $90,000.

Plaintiff brings a Motion for Summary Judgment on his First Claim for Relief for breach of contract and Second Claim for Relief for misrepresentation, undue influence, and breach of fiduciary duty. Plaintiff also brings a Motion to Attach Defendant's assets and hold $144,500 in escrow until the conclusion of the case. On March 3, 2014, Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report"), recommending that Plaintiff's motions be denied. Plaintiff filed his objections to the Report on March 18, 2014. For the reasons stated below, the Report is adopted in its entirety, and Plaintiff's motions are denied.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court

"may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 8 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the magistrate judge, the district court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)). Also, "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. App'x 230, 232 (2d Cir. 2006).

Summary judgment is appropriate only when the record before the Court shows that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe the evidence in the light most

favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  *See id.* at 255.

Plaintiff objects to the Report's recommendation that the Motion to Attach Defendant's assets be denied, arguing that Judge Maas ignored his inability to make the requisite showing because he is incarcerated and pro se.  Plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).  Mr. Popal must demonstrate the requirements of C.P.L.R. § 6201 in order to attach Mr. Slovis's assets, but he has failed to do so.

Plaintiff objects to Judge Maas's recommendation that his Motion for Summary Judgment be denied for two reasons.  First, he objects to Judge Maas's reliance on the Defendant's affidavit to create an issue of fact, which he claims is "self-interested."  The mere fact that a nonmovant's affidavit is self-serving does not mean the Court should ignore it at the summary judgment stage.  *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998) ("To hold . . . that the nonmovant's  [self-serving] allegations of fact are . . . insufficient to fend off summary judgment would . . . thrust the courts – at an inappropriate stage – into an adjudication of the merits.").

Second, Plaintiff objects to Judge Maas's Report because he denied summary judgment on equitable claims, which are legal in nature and do not require a jury.  It is true that those equitable claims will be decided by the presiding judge, rather than by a jury.  However, the standard on summary judgment is the same for equitable claims as it is for claims at law.  The Court still must construe all disputed issues of material fact in favor of the nonmoving party. 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2731 (3d ed.1998) ("[A]s is true under Rule 56 generally, if genuine issues of fact do exist,

summary judgment must be denied in a proceeding for equitable relief."). The Plaintiff will have an opportunity to present evidence in front of the presiding Judge for decision at trial.

Reviewing the rest of the Report, the Court finds no clear error in Judge Maas's Report, and it is adopted in its entirety.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Maas's Report, and Plaintiff's motions are DENIED. The Clerk of Court is directed to close the motions open at Docket Nos. 59 and 66.

Dated: March 19, 2014
      New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE